**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHARNEE WALKER,

       Plaintiff,

   vs.

FIDELITY INVESTMENTS INSTITUIONAL
OPERATIONS COMPANY, LLC.,

       Defendants.

Case No. 1:25-cv-883

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is before the Court on Plaintiff's amended motion for a temporary restraining order.  (Doc. 9). Namely, Plaintiff's amended complaint asserts, *inter alia*, that Defendants failed to accommodate her disability and also terminated her after initiating this action. Plaintiff now asks the Court for a temporary restraining order to restore her economic status quo through placement on paid administrative leave or reinstate her employment.

A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). "When ruling on a motion for a preliminary injunction, a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by

issuance of the injunction." *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997) (citations omitted).

This same four-factor analysis applies to both a preliminary injunction and a motion for a TRO. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). However, a TRO may issue only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1) (emphasis added).

On the record presented, Plaintiff has demonstrated none of the factors required to obtain a temporary restraining order or other preliminary injunctive relief. Notably, she has failed to demonstrate a substantial likelihood of success on the merits of her ADA and retaliation claims.  Moreover, the remedies Plaintiff presently seeks are more than an injunction maintaining the status quo; she seeks an Order from this Court requiring defendants to affirmatively correct alleged discriminatory actions that have yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

For all of these reasons, extraordinary relief is not warranted. The undersigned accordingly **RECOMMENDS** that the Court **DENY** Plaintiff's amended Motion for a temporary restraining order and preliminary injunction. (Doc. 9).[1]

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1]  In light of this recommendation, Plaintiff's motion for status and expedited consideration of pending motion for a temporary restraining order and preliminary injunction (Doc. 10) should be **DENIED as MOOT.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SHARNEE WALKER,                                    Case No. 1:25-cv-883

      Plaintiff,

                                            Barrett, J.
vs.                                                Bowman, M.J.

FIDELITY INVESTMENTS INSTITUIONAL
OPERATIONS COMPANY, LLC.,

      Defendants.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).